IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MUSTAFA AWAD, #1017355,<br>      Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:09-CV-2275-G |
| | § | |
| JACOBY HOSPITAL, et al.,<br>      Defendants. | §<br>§<br>§ | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for pretrial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is confined within the Texas Department of Criminal Justice, Correctional Institutions Division, at the Ellis Unit in Huntsville, Texas. Defendants are Jacoby Hospital in Bronx, New York, and John Doe Doctors at Jacoby Hospital. No process has been issued in this case pending preliminary screening. The magistrate judge issued two questionnaires to Plaintiff, who filed his answers on December 16, 2009, and January 29, 2010.

Statement of the Case: On November 30, 2009, Plaintiff filed this action complaining he was the "victim of medical malpractice (mayhem) crime on [his] left priceless testicle . . ." which took place at Jacoby Hospital in 1982, when he was twenty years old. (Compl. at 4.) According to Plaintiff, Defendants removed his left testicle without his consent, and gave it to somebody

else. (*Id.*) Plaintiff alleges learning of the injury within two months of filing the complaint. (Answer to Question 1 of the Questionnaire.) He requests that his missing body part be returned to him, and that criminal charges be filed against all participants of the mayhem crime. (Compl. at 4.)

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court. Section 1915(e) provides in pertinent part that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2)(B).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989).

The court liberally construes Plaintiff's complaint with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint should is frivolous and should be dismissed.

Plaintiff filed his complaint on the form to be used by prisoners in filing civil rights actions pursuant to 42 U.S.C. § 1983. In order to state a civil rights claim cognizable under § 1983, Plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or

2

federal law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). Absent either element, a claim is not cognizable under § 1983.[1]

Plaintiff's complaint, even when supplemented by the answers to the questionnaire, fails to satisfy either of the above elements. Defendants Jacoby Hospital and the John Doe Doctors are private citizens, whose conduct did not occur under color of state law for purposes of §1983. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Scott v. Moore*, 85 F.3d 230, 233 (5th Cir. 1996). In addition, Plaintiff's sole claim for relief, which stems from an alleged medical malpractice, does not rise to a constitutional violation actionable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976) (inadvertent failure to provide adequate care or negligent treatment or diagnosis does not rise to a constitutional violation)*; see also Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995).

Likewise, Plaintiff's request for a criminal prosecution is not cognizable under § 1983. (*See* Compl. at 4). The prosecution of state or federal criminal offenses falls within the exclusive jurisdiction of the executive branch of the state and federal government. *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990) (the decision to file or not to file criminal charges falls within

---

[1] 42 U.S.C. § 1983 provides, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

this category of acts that will not give rise to liability under 42 U.S.C. § 1983).

Accordingly, Plaintiff's § 1983 claims lack an arguable basis in law and should be dismissed with prejudice as frivolous.

Plaintiff's state medical malpractice claims fare no better.[2] In *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992), the Supreme Court recognized that a court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" The latter category encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible." *Id.* at 33, 112 S. Ct. at 1733.

Despite the near illegibility of the complaint, answers to the questionnaires, and numerous letters filed during the last few months the court has given its best effort to understand Plaintiff's medical malpractice claims . Even under the most liberal construction, Plaintiff's allegations are factually and legally baseless and should be dismissed. The pleadings describe fantastic or delusional scenarios which are clearly irrational and incredible. Moreover, Plaintiff's medical malpractice claims are barred by the statute of limitations. *See* N.Y. C.P.L.R. 214 a (the statute of limitations for medical malpractice claims in New York State is two years and six months from the date of the act or omission complained of); Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a) (health care liability claims in Texas are governed by the two year statute of limitations).

Plaintiff's self-serving assertion that he learned of the injury at issue two months before

---

[2] The only possible basis for federal jurisdiction over Plaintiff's New York state law claims is that granted under 28 U.S.C. § 1332(a).

filing the complaint is conclusory at best. (*See* Answer to Question 1 (Doc. #5) and Answer to Suppl. Questions 1-3 (Doc. #10).) His answers to the questionnaires are for the most part non-responsive. Plaintiff has declined to explain how he first learned of the injury caused by Defendants' alleged medical malpractice at Jacoby Hospital in 1982. (*Id.*) Nor does he explain why he could not have learned about the missing left testicle in 1982 or shortly thereafter. (*Id.*).

In addition, Plaintiff cannot demonstrate that he is entitled to equitable tolling of the limitations period. Nor does his imprisonment act to toll the statute of limitations under state law. *Nwaokocha v. Hagge*, 47 Fed. Appx. 55, 56-57 (2nd Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Signed this 8th day of March, 2010.

*(signature)*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.